**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JAIRO RODRIGUEZ, *on behalf of himself,*              Case No.
*and All Others Similarly Situated*,

                         Plaintiff,                **CLASS AND COLLECTIVE**
   -against-                                                      **ACTION COMPLAINT**

WOODSIDE AUTO PARTS, LLC                             **Jury Trial Demanded**
and DAVID MYONES,

                         Defendants.
-------------------------------------------------------------X

Plaintiff Jairo Rodriguez ("Rodriguez" or "Plaintiff"), alleges on behalf of himself and others similarly situated, against Defendants Woodside Auto Parts, LLC ("Woodside Auto") and Defendant David Myones ("Myones") (collectively "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Rodriuez alleges on behalf of himself and similarly situated employees pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 et. seq. ("FLSA") that he is entitled to recover from Defendants: (1) unpaid overtime, (2) retaliation, (3) liquidated damages and (4) attorneys' fees and costs.

2. Rodriguez further alleges on behalf of himself and similarly situated employees that, pursuant to the New York Labor Law ("NYLL") that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) retaliation, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343.

1

4. This Court has supplemental jurisdiction over Plaintiff's New York State law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 since Defendants maintain their principal place of business in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

## PARTIES

**Plaintiff Jairo Rodriguez**

7. Plaintiff Jairo Rodriguez ("Plaintiff" or "Rodriguez") was and is a resident of Queens County, New York.

8. From approximately May 27, 2023 to approximately September 13, 2023, Rodriguez was employed by the Defendants.

9. For the duration of his employment, Rodriguez was employed as a non-exempt delivery driver.

10. For the duration of his employment with Defendants, Rodriguez was an employee engaged in interstate commerce on behalf of Defendants.

11. By way of example, during his employment with Defendants, Plaintiff provided services to customers who resided outside of New York State and commuted via interstate commerce.

12. At all times relevant to this action, Rodriguez was an employee of Defendants within the meaning of the FLSA and NYLL.

**Defendant Woodside Auto Parts, LLC**

13. Defendant Woodside Auto Parts, LLC ("Woodside Auto") was and is a limited liability corporation existing under the laws of the State of New York.

14. At all times relevant to this action, Woodside Auto has been a business or enterprise engaged in interstate commerce earning gross annual sales over $500,000.00.

15. At all times relevant to this action, Woodside Auto is an automobile parts shop.

16. At all times relevant to this action, Woodside Auto is located at 3742 58th Street, Woodside, New York 11377.

**Defendant David Myones**

17. Upon information and belief, Defendant David Myones ("Myones") was and is a resident of the State of New York.

18. At all times relevant to this action, Myones served as a principal, officer, owner, and/or manager of Woodside Auto.

19. Myones was and is the Owner of Woodside Auto.

20. At all times relevant to this action, Myones was Plaintiff's supervisor and/or manager during Plaintiff's employment with the Defendants.

21. At all times relevant to this action, Myones possesses or possessed operation control and policy making authority, an ownership interest, or significant control of Woodside Auto.

22. Myones possessed and/or exercised the power and authority to hire and fire schedules, control labor relations and personnel policies, maintain employment records, and determine terms and conditions of Plaintiff's employment.

23. Employees of Woodside Auto, including Plaintiff, could complain to Myones regarding any of the terms of his employment.

24. Myones would have the authority to effect any changes to the quality and terms of their employment.

25. The acts of the Defendants charged in this Complaint were authorized, directed, or accomplished by Myones, individually or through his agents, officers, employees, or

representatives, while actively engaged in the management and/or ownership of Defendant Woodside Auto.

26. Myones is personally jointly and severally liable for the violations of the FLSA and NYLL by Woodside Auto.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings a claim for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including but not limited to delivery drivers, mechanics and auto repairmen, employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

28. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek.

29. The claims of the Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).

30. The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail for the last address known to Defendants.

4

## RULE 23 CLASS ALLEGATIONS – NEW YORK

31. Plaintiff brings a claim for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees including but not limited to delivery drivers, mechanics and auto repairment, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class period").

32. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rate of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP Rule 23.

33. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of fifty (50) Class Members.

34. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage and (ii) failing to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

5

35. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

37. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

38. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed the Plaintiff and Class members within the meaning of the New York law;
    b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;
    c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;
    d. Whether Defendants paid Plaintiff and Class members the proper minimum wage rate; and
    e. Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law.

## FACTUAL ALLEGATIONS

39. Rodriguez commenced his employment with Woodside Auto on or around May 27, 2023.

40. Rodriguez worked for Woodside Auto at 3742 58th Street, Woodside, New York 11377.

41. For the duration of his employment, Rodriguez was employed as a non-exempt delivery driver.

42. Unfortunately, during his employment, Rodriguez was subjected to numerous unlawful employment practices, including, minimum wage violations, overtime wage violations, retaliation and other statutory violations.

43. From May 27, 2023 to about September 13, 2023, Rodriguez was paid approximately $600.00 per week.

44. From May 27, 2023 to about September 13, 2023, Rodriguez worked six days per week, Monday through Saturday.

45. For this time period, Rodriguez worked from 8:00 a.m. to 6:00 p.m. (10 hours per day).

46. As such, Rodriguez worked approximately 60 hours per work week during this time frame.

47. From May 27, 2023 through the end of August 2023, Rodriguez was paid approximately $10.00 per hour.

48. From May 27, 2023 through the end of August 2023, Rodriguez was paid solely in cash.

49. For the last two weeks of his employment (the first two weeks of September 2023), Rodriguez was paid $700.00 per week and was placed on Woodside Auto's payroll.

50. Rodriguez was paid less than minimum wage during his employment.

51. Even though Rodriguez worked over 40 hours per week, he was never paid the overtime premium which he is entitled to as a non-exempt employee.

52. Additionally, in his capacity as delivery driver, Rodriguez was not reimbursed for gas he purchased in order to make deliveries for Woodside Auto.

53. Rodriguez used his own car to complete deliveries and was not reimbursed for any of the costs associated with use of the vehicle, including costs for gasoline, vehicle depreciation, insurance, maintenance and repairs.

54. Rodriguez would spend approximately $200.00 per week, on gasoline, since he spent much of his work day driving throughout Queens and Brooklyn delivering parts.

55. Rodriguez complained to Myones about not being paid properly, including the failure to receive overtime pay.

56. Myones denied Rodriguez's request for proper payment.

57. In addition, Woodside Auto subjected Rodriguez to retaliation for complaining about Woodside Auto's labor law violations.

58. Myones told Rodriguez that he was employed with Woodside Auto for a short amount of time and that he had to earn the right to be paid overtime.

59. Furthermore, Dave told Rodriguez that if did not like his pay, he could go ahead and walk out, and that Dave could just hire another delivery driver.

60. Defendants terminated Plaintiff's employment in retaliation for his complaints of, and opposition to, Defendants' unlawful pay scheme.

61. The Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage to Plaintiff and similarly situated employees.

62. The Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff and similarly situated employees.

63. Defendants failed to keep accurate records of wages earned or hours worked by the Plaintiff and similarly situated employees.

64. For the duration of his employment with Defendants, Defendants did not provide Plaintiff with a wage notice setting forth his rate of pay and basis thereof, exempt status, overtime rate, method of compensation, regular payday, names of their employers (including fictitious names), addresses and phone numbers for their employers' main offices or principal locations, or any allowances taken.

65. For the duration of his employment with Defendants, Defendants failed to furnish Plaintiff with an accurate and complete wage statement with every payment of wages listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

## FIRST CAUSE OF ACTION
### FLSA – Unpaid Overtime
### (On Behalf of the Plaintiff and the FLSA Collective)

66. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

67. Defendants are employers within the meaning of 29 U.S.C §§ 203(e) and 206(a) and employed the Plaintiff.

68. Defendants were required to pay the Plaintiff and the FLSA Collective one and one-half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours worked in excess of 40 hours in a workweek.

69. Defendants failed to pay the Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

70. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay the Plaintiff and the FLSA Collective overtime wages.

71. Defendants' violations of the FLSA described above have been willful, and therefore, a three-year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

72. As a result of Defendants' willful violations of the FLSA, the Plaintiff and the FLSA Collective are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### FLSA – Retaliation
### (On Behalf of the Plaintiff)

73. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

74. Plaintiff was an employee of Defendants within the meaning of the FLSA.

75. Defendants were employers of the Plaintiff within the meaning of the FLSA.

76. 29 U.S.C. § 215(a) (3) prohibits any person, "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

77. While employed by Defendants, the Plaintiff complained to Defendants about Defendants' unlawful employment practices, including Defendants' failure to pay the Plaintiff minimum wage and overtime.

78. Plaintiff's complaints constitute protected activity under the FLSA. After and as a result of the Plaintiff's complaints, Defendants terminated Plaintiff's employment.

79. A causal connection exists between the Plaintiff's complaints of Defendants' unlawful pay practices —including Defendants' failure to pay his minimum wage and overtime — and Defendants' termination of the Plaintiff's employment.

80. Defendants violated 29 U.S.C. § 215(a) (3) by terminating the Plaintiff's employment in retaliation for Plaintiff's complaints of Defendants' unlawful pay practices.

81. Due to Defendants' violations of 29 U.S.C. § 215(a)(3), the Plaintiff is entitled to recover their lost wages and other compensatory damages, liquidated damages in an amount equal to their lost wages, pre-judgment and post-judgment interest, along with reasonable attorneys' fees, costs and injunctive and declaratory relief.

**THIRD CAUSE OF ACTION**
**NYLL – Unpaid Minimum Wage**
**(On Behalf of the Plaintiff and the Rule 23 Class)**

82. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

83. Defendants failed to pay the Plaintiff and the Rule 23 Class the minimum wage to which they are entitled under the NYLL.

84. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiff and the Rule 23 Class minimum hourly wage.

85. As a result of Defendants' willful violations of the NYLL, the Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wage, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), et seq.

### FOURTH CAUSE OF ACTION
### NYLL – Unpaid Overtime
### (On Behalf of the Plaintiff and the Rule 23 Class)

86. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

87. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay the Plaintiff and other non-exempt employees one and one half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours they worked in excess of forty (40) hours per week.

88. Defendants failed to pay the Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

89. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiff and the Rule 23 Class overtime wages.

90. As a result of Defendants willful violations of the NYLL, the Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), et seq.

## **FIFTH CAUSE OF ACTION**
**NYLL – Wage Notice Violation**
**(On Behalf of the Plaintiff)**

91. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

92. NYLL § 195(1)(a) obligates every employer to: "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice, which the employer shall preserve and maintain for six years."

93. Defendants failed to provide the Plaintiff with wage notices compliant with NYLL § 195(1)(a).

94. Due to Defendants' violations of NYLL § 195(1), the Plaintiff is each entitled to statutory penalties of $50.00 for each workday that Defendants failed to provide wage notices, up to a maximum of $5,000 each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYLL § 198(1-b).

### SIXTH CAUSE OF ACTION
### NYLL –Wage Statement Violation
### (On Behalf of the Plaintiff)

95. Defendants violated NYLL § 195(3) by failing to furnish the Plaintiff with each payment of wages and accurate statement listing the dates of work covered by that payment or wages; name of employee; name of employer; address and phone number of employer; rate of rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages, deductions, allowances, if any, claimed as part of the minimum wage; and net wages.

96. Through their failure to provide the Plaintiff with wage statements as required by the NYLL, Defendants have violated NYLL § 190, et seq. and the supporting New York State Department of Labor Regulations.

97. Due to Defendants' violations of NYLL § 195(3), the Plaintiff is each entitled to statutory penalties of $250.00 for each workweek that Defendants failed to provide them with accurate wage statements, or a total of $5,000 each, plus reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL § 198.

### SEVENTH CAUSE OF ACTION
### NYLL – Retaliation
### (On Behalf of the Plaintiff)

98. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

99. Plaintiff is an employee of Defendants within the meaning of the NYLL.

100. Defendants are employers of the Plaintiff within the meaning of the NYLL.

101. NYLL § 215(1) states, in part, "No employer or his or her agent, or the officer of agent of any corporation, partnership, or limited liability company…shall discharge, threaten, penalize or in any other manner discriminate or retaliate against any employee (i) because such

employee has made a complaint to his or her employer…or his or her authorized representative…that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…[or] (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter…or (v) because such employee has otherwise exercised rights protected under this chapter…"

102. While employed by the Defendants, the Plaintiff complained to the Defendants about Defendants' unlawful practices, policies and procedures of not being paid proper wages, including Defendants' failure to pay the Plaintiff minimum wage and overtime.

103. Plaintiff's complaints to Defendants constitute protected activity under NYLL § 215.

104. A causal connection exists between the Plaintiff's complaints of improper pay practices and Plaintiff's termination.

105. Defendants violated NYLL § 215 by retaliating against the Plaintiff's by terminating his employment due to his complaints about Defendants' unlawful pay practices, policies and procedures, including Defendants' failure to pay his minimum wage and overtime.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, individually and on behalf of the FLSA Collective and Rule 23 Class, respectfully request that this Court GRANT the following relief:

A. Designating this action as a collective action on behalf of the FLSA Collective and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated non-exempt employees and appointing the Plaintiff and their counsel to represent the FLSA Collective. Such notice shall inform them that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages;

B. Certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Rule 23 Class and appointing the Plaintiff and their counsel to represent the class;

C. Issuing an order tolling the statute of limitations;

D. Issuing a declaratory judgment that the practices complained of herein are unlawful under applicable state and federal law;

E. Declaring that Defendants have violated the minimum wage provisions of the NYLL and supporting New York State Department of Labor Regulations;

F. Declaring that Defendants violated the overtime provisions of the FLSA, NYLL and supporting New York State Department of Labor Regulations;

G. Declaring that Defendants violated the notice provisions of the NYLL and Wage Theft Prevention Act;

H. Declaring that Defendants terminated Plaintiff's employment due to Plaintiff's complaints of, and opposition to, Defendants' unlawful pay practices, policies and procedures, including Defendants' failure to pay the Plaintiff minimum wage and overtime, and awarding the Plaintiff a recovery for damages sustained;

I. Enjoining future violations of the FLSA and NYLL by Defendants;

J. Declaring that Defendants' violations of the FLSA and NYLL were willful;

K. Awarding Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid minimum wage;

L. Awarding Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid overtime wage;

M. Awarding the Plaintiff statutory penalties for Defendants failure to furnish wage notices and/or pay statements pursuant to the NYLL;

N. Awarding the Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated and/or punitive damages in amount equal to the total amount of wages found to be due, pursuant to the FLSA and NYLL;

O. Awarding the Plaintiff compensatory damages, pursuant to the FLSA and/or NYLL, retroactive to the date of his termination, for all lost wages and benefits sustained as a result of Defendants' retaliatory conduct after and as a result of Plaintiff's complaints of and/or opposition to Defendants' unlawful pay practices;

P. Awarding the Plaintiff liquidated and/or punitive damages pursuant to the FLSA and/or NYLL due to Defendants' violations of those statutes as a result of Defendants' retaliatory conduct after and as a result of Plaintiff's complaints of and/or opposition to Defendants' unlawful pay practices;

Q. Awarding the Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorney's fees, costs, and expenses of the action under the FLSA and NYLL; and,

R. Awarding the Plaintiff, the FLSA Collective, and the Rule 23 Class pre-judgment and post-judgment interest under the FLSA and NYLL; and

S. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury.

Dated: December 14, 2023
New York, New York

Respectfully submitted,

**Akin & Salaman**

*Robert D. Salaman*
_____
Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiff, FLSA Collective Plaintiff and the NYLL Rule 23 Class*